### ADAMS EXPRESS CO. *v.* J. J. GUTHRIE.

**Public Carriers—Special Contract—Burden of Proof.**

> When it appears by the proof that a special contract was made with a carrier for the delivery of freight under circumstances of fairness and good faith, the burden is on the shipper to show that the contract ought not to be enforced because unfair and of its having been imposed upon him in a way that prevented him from examining it and understanding it.

#### APPEAL FROM McCRACKEN CIRCUIT COURT.

February 18, 1875.

OPINION BY JUDGE PETERS:

In the opinion delivered by this court in this case, when it was here on a former occasion, it is said it is only necessary that the carrier shall satisfactorily prove that a special contract was made, under circumstances indicating fairness and good faith; and it is

then incumbent on the shipper to show that the contract ought not, for some of the reasons indicated, be enforced against him.

It appears from the evidence that Curran, Goodwin, Walker & Co., a firm of merchants in the city of New York, were made by appellee his agents to contract for the transportation of the package of goods, for which this suit was brought, to him in Paducah, Ky., with appellant, and in making them his agents, he did not restrict or limit them to any particular form of contract for the transportation of said package. The evidence conduces to show that they contracted with appellant to transport said package to appellee on the terms and according to the stipulations contained in the writing filed in the case, and made part of John J. Cullen's deposition, and in which it is expressly stipulated that appellant is not to be held liable for any loss or damage to said property while being transported by it to its destination, arising from dangers of railroad, ocean or river navigation, steam, fire in stores or depots, or from any cause whatever, unless in every case the same be proved to have occurred from the fraud or gross negligence of said express company or its servants.

If the agreement in paper "B," relied upon by appellant, was entered into by the agents of appellee with it, it must be regarded as the contract of the parties, unless it was not made freely and understandingly on the part of said agents; and it devolved on appellee to show that fact by evidence. The delivery of the paper "B" by appellant to Curran, Goodwin, Walker & Co, and the acceptance of it by them as the agents of appellee, is *prima facie* evidence that the terms and stipulations therein contained were agreed upon by the parties, and is binding on them  Appellee cannot avoid it, unless he shows that said writing was imposed upon his said agents, in a way that prevented them from examining said paper, and understanding its contents. As instructions "Nos. 1, 2 and 3" given to the jury at the instance of appellee, do not conform to the law of the case as expounded by this court, they should have been refused by the court below, and the judgment must be *reversed* and the cause remanded for a new trial, and for further proceedings consistent herewith.

*Thomas E. Moss, for appellant.*
*L. D. Husbands, Marshall & Bloomfield, for appellee.*